LATHROP v. FREIGHTS OF THE JOHN ENA (J. H. WELSFORD
& CO., Limited, Interveners).

(District Court, N. D. California, First Division. February 19, 1914.)

No. 15,420.

MARITIME LIENS (§ 60*)—JURISDICTION—SUIT AGAINST FREIGHTS—PROCEDURE.
　　A court of admiralty has jurisdiction of a suit in rem against freights
earned by a vessel which are within the district, and may, on issues prop-
erly framed, determine the validity and priority of all liens claimed
thereon; and under admiralty rule 38 it may on citation, "if no sufficient
cause is shown," require the consignee or other person owing the freights
to bring the same into court to answer the exigency of the suit. But if
they have already been collected under a fair claim of right, it is "suffi-
cient cause," and the court will make no order with respect to their pos-
session until the rights of such claimant have been adjudicated.
　　[Ed. Note.—For other cases, see Maritime Liens, Cent. Dig. § 98; Dec.
Dig. § 60.*]

In Admiralty. Suit by A. P. Lathrop against the freights of the
American bark John Ena; J. H. Welsford & Co., Limited, interveners.
On order to show cause.

McCutchen, Olney & Willard, of San Francisco, Cal., for libelant.

Frank & Frank, of San Francisco, Cal., for San Francisco Ship-
ping Co.

McClanahan & Derby, of San Francisco, Cal., for interveners J.
H. Welsford & Co., Limited.

DOOLING, District Judge. In 1912 the California-Atlantic Steam-
ship Company, the charterer of the American bark John Ena from
its owner the San Francisco Shipping Company, took on board a cargo
at Philadelphia bound for San Francisco, and as is averred in the
libel pledged and assigned the freights to be earned on the voyage
to G. Amsinck & Co. to secure certain advances. Libelant A. P.
Lathrop is the successor in interest to said G. Amsinck & Co. In
April, 1913, the John Ena arrived at San Francisco with the said
cargo on board, but before that time the California-Atlantic Steam-
ship Company had gone into involuntary bankruptcy, and the San
Francisco Shipping Company, the owner of the bark, collected the
freights. This is a libel in rem against the said freights, based upon
the pledge and assignment above mentioned. J. H. Welsford & Co.,
Limited, has intervened, also claiming the freights under an assign-
ment thereof from the said California-Atlantic Steamship Company.
An order was, upon application, under admiralty rule 38 directed to
the San Francisco Shipping Company, requiring it to appear and show
cause why the said freights so collected and held by it should not be
brought into court to answer the exigency of the present suit. To
this order the said company replies, by denying that the court has
jurisdiction of the subject-matter set forth in the libel, denying also
the power of the court to compel the delivery of said freights except
after process regularly issued and a trial had upon issues made in ac-

cordance with law and a judgment thereon against said company, and asserting that the present proceeding is without due process of law. Further answering, the said company avers that it collected said freights in pursuance of its right as owner for the enforcement of certain liens, among them being the charter hire, expenses of stevedoring, wharfage, shifting, clerk hire, port-warden fees, and other charges as provided in the charter. It also claims to hold the freights to meet demurrage claims, as also to meet claims against the vessel for damage to cargo, averring that all of these various claims amount to about $41,000, and that the total amount of freights collected by it is $45,320.38. The action being in rem against freights, and the freights being within this district, I am satisfied that the court has jurisdiction over them, to the extent at least that the court may, in this action upon issues properly framed, determine the priority of the asserted liens, and make such distribution as the facts may warrant.

Where the freight money is owed and is still in the possession of the holder of the bill of lading or owner of the cargo, or indeed of any one making no claim to it, and such money is claimed by others, the party in possession may, under rule 38, be required to bring it into court to answer the exigency of the suit. But where, as here, one of the claimants to the freights has them in possession under a fair claim of right, I do not feel disposed to disturb such possession in advance of a full determination of the validity of such asserted right. This determination cannot well be had upon an order to show cause. The right asserted, coupled with the possession, seems to me to be too substantial to be disturbed upon such an order. The rule provides:

"If no sufficient cause be shown, the court may order the freights to be brought into court to answer the exigency of the suit."

I think the respondent here has shown sufficient cause within the meaning of the rule. After a trial the court will direct that such portion of the freights herein sued for as do not belong to respondent shall be by it paid into court and distributed to those who may have, upon such trial, established their right to them. The whole question may thus be disposed of upon a full trial and hearing of all the issues. The order to bring the freights into court will not be made at this time, but respondent will be directed to appear in this suit to answer to the libel and to be prepared to pay into court such portion, if any, of said freights as after a trial of the issues the court shall determine it is not entitled to retain.